### SKRINE *v.* THE STATE.

The evidence warranted the verdict, there was no error in the charges excepted to requiring the grant of a new trial, and the certiorari was properly overruled.

Argued May 16, — Decided June 13, 1905.

Certiorari. Before Judge Holden. Hancock superior court. March 31, 1905.

*W. H. Burwell*, for plaintiff in error.

*D. W. Meadow, solicitor-general*, contra.

FISH, P. J. Pellam Skrine was convicted, in a county court, of the offense of intentionally pointing or aiming a gun at an-

other, not in a sham battle by the military and not in self-defense, etc., as defined in the Penal Code, § 343.    He carried the case, by certiorari, to the superior court.    The petition for certiorari alleged:    That the verdict was contrary to law and the evidence and without evidence to support it.    (3) That the county judge erred in charging the jury:    "The law makes you the exclusive judges of the evidence, and the court has nothing to do with intimating to you, or in your presence, what is or what is not sworn to in this trial."    (4) That he erred in charging:    "But you are required to take the law expounded to you by this court."    (5) That he erred in charging:    "It is your duty further to reconcile the testimony which may seem conflicting, without imputing perjury to any witness, but in any event to reach a conclusion that leaves no reasonable doubt of guilt."    (6) That he erred in charging:    "Witnesses are entitled to be believed unless contradicted, discredited, or impeached in some of the ways known to and prescribed by the law."    The certiorari was overruled, and the accused excepted and brought the case here for review.

The judgment of the superior court should be affirmed.    The evidence for the State fully authorized the verdict.    The instructions given by the county judge to the jury, of which complaint is made, are substantially correct, with the exception of the charge complained of in the fifth ground of the petition for certiorari.    While it was evidently the purpose of the trial judge to charge the jury that they should not reach a conclusion that the accused was guilty unless such conclusion was authorized by the evidence beyond a reasonable doubt, the charge as given was somewhat involved, and, standing alone, might have been misunderstood by the jury; but in view of the entire charge of the county judge, as shown by his answer to the writ of certiorari, we do not see how the jury could have been misled by the language excepted to.    Before giving the instruction complained of, he charged, "but before you can convict, the evidence must show you beyond a reasonable doubt that he is guilty;" and after the charge excepted to, he instructed the jury, "but if the evidence is insufficient, or you have a reasonable doubt of his guilt, you should acquit."    We can not see, therefore, how the jury could have understood, from the charge in question, that

the judge intended to instruct them that they should, in any event, reach a conclusion that the accused was guilty.

*Judgment affirmed. All the Justices concur, except Simmons, C. J., absent.*